# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

GREGORY L. ASHE,

      Plaintiff,

  v.

ANDREW SAUL,
Commissioner of Social Security,

      Defendant.

C.A. No. 16-956-MN

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (D.I. 20.) Defendant has not opposed the motion.[1] For the reasons stated in more detail below, IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.

Plaintiff's counsel successfully obtained a remand of Plaintiff's case for further administrative proceedings. (*See* D.I. 20 at 1, Ex. A.) The further proceedings resulted in a fully favorable decision for Plaintiff, (*see id.*), and on February 24, 2020, the Social Security Administration issued its Notice of Award indicating that Plaintiff will receive $115,731.38 in net retroactive Social Security Disability Insurance benefits for the period February 2011 through November 2019. (D.I. 20, Ex. B at 3.) As is standard practice, the Social Security Administration withheld 25 percent of the gross past-due benefits, totaling $38,577.12, for payment of attorney's fees. (*Id.* at 3-4.)

---

[1] Plaintiff filed the motion on March 9, 2020. Pursuant to the Local Rules of the United States District Court for the District of Delaware, responses are due within fourteen days. L.R. 7.1.2(b). That time has now passed. Accordingly, the Court will treat the motion as unopposed.

The Social Security Act allows an award of attorney's fees "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney." 42 U.S.C. § 406(b)(1)(A). The fee must be "reasonable" and, in any event, should not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* Plaintiff and his counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. (*See* D.I. 20, Ex. C.) Because this is within the statutory maximum allowed by § 406(b), and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel and co-counsel's willingness to share this fee, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable. *See Wilson v. Astrue*, 622 F. Supp. 2d 132, 136-137 (D. Del. 2008); *Tucker v. Berryhill*, No. CV 13-1246-LPS, 2017 WL 4613621, at *1 (D. Del. Oct. 16, 2017). Additionally, consistent with his legal obligations, counsel has represented that he will refund the previously obtained Equal Access to Justice Act ("EAJA") fees[2] to Plaintiff upon receipt of the fees requested here. (D.I. 20 ¶ 12.) *See Furniss v. Astrue*, No. CIV.A. 05-863-JJF, 2008 WL 3982393, at *1 (D. Del. Aug. 25, 2008).

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. That the Court authorizes a payment to **Gary C. Linarducci, Esquire**, in the amount of Thirty-Eight Thousand, Five Hundred, and Seventy-Seven dollars and 12/100 cents ($38,577.12) in attorney's fees being withheld from Plaintiff's past-due benefits for court-related services; and

---

[2] Counsel was previously awarded EAJA fees in the amount of $8,400.00. (*See* D.I. 19.)

2. Upon receipt of this sum, Plaintiff's counsel shall remit Eight Thousand, Four Hundred dollars and 00/100 cents ($8,400.00) directly to Plaintiff, representing the sum already paid to Plaintiff's counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: March 25, 2020

                                              Jennifer L. Hall
                                              UNITED STATES MAGISTRATE JUDGE